MILLER, Judge
(dissenting).
The majority opinion quotes the trial court’s entire opinion insofar as it relates to plaintiff’s claim. The only discredited witness (in that opinion) is the plaintiff Mrs. Treme. The record abundantly supports the finding that plaintiff’s testimony was discredited. When the accident occurred on March 19, 1969, plaintiff had separated from her fifth husband. Tr. 191. She had been treated for a mental condition on March 18, 1969 (the day before the accident), and was committed to Central Louisiana Hospital on April 8. She was discharged from Central on April 30. Tr. 194. Her treating physician testified that plaintiff “was having a nervous breakdown all the time.” Tr. 196. Her testimony at trial (that she struck a pipe or concrete base to a stop sign) was totally inconsistent with her statements at the time of the accident.
It appears that the rule applied was that where plaintiff gives uncertain and contradicting testimony, plaintiff may not recover. The proper rule, as I see it, is to disregard her testimony as proving nothing. If this rule is applied, I sharply disagree with the statement that “it is improbable that plaintiff’s car struck the manhole cover.”
These facts were established. Mrs. Treme’s 1962 Corvair suffered damage to its front bumper, axle, undercarriage and front mounted gasoline tank.[1] At impact, her face hit the steering wheel causing injury to her face and teeth. She bled extensively.[2] She was able to back her car *45 away from the accident and drove a distance of one-half block to Duhon’s grocery store.[3] On the day of the accident plaintiff told the Village Marshall (Tr. 122, 123, 337), the State Trooper (Tr. 286, 289), and the grocer Mr. Duhon (Tr. 352, 360) that she had hit the manhole in the street. That same day she told her physician that she had hit a deep hole in the street. Tr. 181. An independent eyewitness, Mr. LeBlanc, saw plaintiff hit the manhole. Tr. 76, 316.[4] Debris was found at the manhole.[5] The conditions surrounding the manhole were such that the front end of plaintiff’s Corvair was likely to strike the top of the manhole.[6] The area around the manhole was repaired early the next morning.[7]
Some of the evidence to support these facts may have been discounted by the trial court, but the trial judge did not state which if any testimony (other than that of plaintiff) was rejected.
I hold the settled conviction that this record proves that plaintiff ran into an unmarked hazard at the intersection of US 90 and Fourth Street in the Village of Mermentau. Traffic was permitted at this intersection and heavy usage (without *46 maintenance) caused deep ruts in the recently excavated area east and south of the manhole. Plaintiff could not see this because the ruts were filled with water. Plaintiff is entitled to damages.

. The Village Marshall found damage underneath and gas leaking from the Corvair. Tr. 122, 339. The grocer Daniel Henry Duhon found damage under the Corvair. Tr. 355. The State Trooper found damage to the bumper, undercarriage and gas line. Tr. 289. Noah LeBlanc was an eyewitness to the accident and saw the front axle hit the manhole. Tr. 76. Plaintiff’s mother was a passenger in the car with her, but passed away before the case was tried. Tr. 393.

. The grocer Mr. Duhon saw plaintiff shortly after the accident and observed that she was “all bloodied up.” He gave her some water and napkins to wash her face. Tr. 351. He also gave her some salt and a glass of water to rinse her mouth. Tr. 355. The Village Marshall testified that he observed that she was bleeding in the mouth and her blouse was bloody. Tr. 339. These facts were not mentioned in his statement given shortly after the accident. Tr. 122-124. Mr. Norman Joseph *45 Clinch saw her after the accident and observed that her mouth was all bloodied up. Tr. 294. The eyewitness Mr. LeBlanc observed blood on plaintiff’s face immediately after the accident. Tr. 76. Her treating physician saw her on the afternoon of the accident and found bruises and contusions on the side of her face ■ and two loose teeth. Tr. 181. Her dentist found a damaged bridge, both central incisors were fractured. She had lost her left lateral incisor. Tr. 155.

. This totally demolishes the theory that plaintiff drove into the ditch to hit the concrete base on the stop sign. Had she driven into the ditch it would have been impossible to remove the car without a wrecker. See photographs P-3, P — 4 at Tr. 201 — explained at Tr. 390. There is no suggestion in the record that a wrecker was used to remove plaintiff’s car from the scene.
Mr. LeBlanc saw plaintiff back her caraway from the manhole and drive to the front of Duhon’s store. Tr. 76. Plaintiff testified that she backed her car from the accident then drove the car to Du-hon’s store. Tr. 395.

. On cross examination by counsel for one of defendants, the State Trooper testified at Tr. 289:
“Q. Would you say that that car liad hit the manhole cover?
“A. Yes, sir. She said that when she turned off the highway, the nose of it went down and hit that manhole cover.”

. Although the Village Marshall denied seeing debris on the manhole cover (Tr. 339), the State Trooper examined the area at about the same time and found debris from the Corvair on the manhole. Tr. 289, 290. Mr. Duhon found evidence that the manhole had been hit. Tr. 352, 361.

. The manhole is approximately four feet north of the north edge of the paved portion of US 90 and located in about the center of the east half of the blacktopped portion of Fourth Street. (Exhibit P-5, Tr. 202, explained at Tr. 455, 9 lines up from bottom.) There is a 3 to 4 inch drop-off from US 90 to Fourth Street. Tr. 282. According to the State Trooper, the manhole was level with the street on the west and north sides, but was 3 or 4 inches higher on the south and east sides. Tr. 283. The ruts were filled with water according to all witnesses. All witnesses admit that the area was not signed or barricaded. Mr. Duhon estimated the ruts to the east of the manhole were 6 to 8 inches deep. Tr. 353, 359. Mr. LeBlanc estimated that the ruts were about 8 inches deep on the east side. Tr. 309. (NOTE : When the manhole was installed, a ditch was dug across Fourth Street. Traffic turning from US 90 onto Fourth Street [the only paved north-south street in Mermentau] wore these deep ruts into this ditched area.)

. Mr. Clinch (a totally disinterested witness) found the holes filled at 6:45 a. m. the following day. Tr. 297. Mr. Duhon found repairs had been made when he walked by the following afternoon. Tr. 354, 364. Mr. LeBlanc saw the Village grader working dirt over the lióles the following morning. He named the grader operator. Tr. 310. The denial that the Village grader reworked this area was extremely weak. Tr. 434-36. The same operator was still employed, but not called as a witness. The Street Commissioner admitted that the grader operator was to do what is necessary; and the Commissioner refused to deny that the grader worked this area. Tr. 436.